**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROBERT HILL and
MARY HILL,

                    Plaintiffs,

v.                                                  CIVIL ACTION NO.   5:14-cv-29565

SCA CREDIT SERVICES, INC.,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's *Motion to Dismiss Amended Class Action Complaint* (Document 9), the *Memorandum in Support* (Document 10), the Plaintiffs' *Response Memorandum of Law in Opposition to Defendant's Untimely Motion to Dismiss* (Document 11), and the Defendant's *Reply Memorandum in Support of Motion to Dismiss Amended Class Action Complaint* (Document 12).   The Court has further reviewed the *Amended Class Action Complaint* (Document 7) and exhibits thereto (Document 8).   For the reasons stated herein, the Court finds that the Defendant's motion should be granted.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Plaintiffs, Robert and Mary Hill, initiated this action with a *Complaint* (Document 4-2) filed in the Circuit Court of Raleigh County, West Virginia, on September 9, 2014.   Defendant SCA Credit Services, Inc. (SCA) filed a *Notice of Removal* (Document 4), pursuant to 28 U.S.C. § 1332(d) on December 10, 2014, after the Plaintiffs amended their complaint to assert claims on

behalf of a class of over 7,000 individuals.  Defendant SCA is a Virginia corporation with its principal place of business in Virginia.  (Smith Aff., ¶ 1, att'd as Ex. A to Not. of Removal, Document 4-1.)  The Hills are West Virginia citizens.

The Defendant filed a *Motion to Dismiss* (Document 2) on December 11, 2014.  On December 17, 2014, the Plaintiffs filed their *Amended Class Action Complaint* (Document 7).  The Defendant filed its motion to dismiss the amended class action complaint on December 30, 2014.  (Document 9.)  The Plaintiffs responded on January 9, 2015 (Document 11), and the Defendant filed its reply on January 20, 2015 (Document 12).

The Plaintiffs allege that SCA engaged in abusive, deceptive, threatening, and misleading debt collection activities, against the Hills and thousands of other West Virginia residents.  Their allegations rest on four letters, which they attached to their complaint.  They assert that these letters violate the West Virginia Consumer Credit and Protection Act (WVCCPA) by (i) failing to identify the original creditor (Compl. ¶ 2), (ii) using misleading headings identifying one letter as a "final written notice" and another as a "notice of legal action" (¶¶ 3, 15, 19), and (iii) failing to include a debt validation notice (¶ 23).  The Hills state that they "feared harsh, vindictive or abused collection attempts" after receiving a letter from SCA stating "[w]e feel we have done everything we can do to work with you in a friendly manner to get this account paid.  Now, unless we receive payment immediately, we will have to proceed with further collection action against you."  (¶ 11.)  They further assert that "the proposed class members experienced and suffered from the very same debt collection practices and conduct instituted by the Defendants."  (¶ 28.)

The Plaintiffs assert the following causes of action: (1) Utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt in violation of West Virginia

Code § 46A-2-127; (2) Using unfair or unconscionable means to collect an alleged debt in violation of West Virginia Code § 46A-2-128; (3) Attempting to collect a debt by coercion in violation of West Virginia Code § 46A-2-124; (4) Common law invasion of privacy; and (5) Miscellaneous violations of the WVCCPA.   They seek certification of a class and appointment as class representatives.   The Plaintiffs request that judgment be entered in their favor and that they receive damages, debt cancellation, costs, attorney fees, and statutory damages adjusted for inflation.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint.   *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).   "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)"   *Id.*   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint."   *Erikson v. Pardus*, 551 U.S. 89, 93 (2007).   The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor."   *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim.   *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).   Furthermore, the Court

3

need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments."  *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.)   In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'"  *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.)   In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief."  *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.)   "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 679.

## DISCUSSION

Defendant SCA moves to dismiss the Plaintiffs' amended class action complaint.   It asserts that "[i]t is plainly evident from the letters that there is nothing coercive, fraudulent, deceptive, misleading, unfair or unconscionable about them."   (Def.'s Mem. in Supp. of Mot. to Dismiss, at 2.)   The Defendant argues that, as a matter of law, the contents of the letters do not violate the WVCCPA.   It emphasizes that the Court is only to accept as true factual allegations in

the complaint, not legal characterizations.   Specifically, it states that W. Va. Code § 46A-2-127 requires only that the name and address of *either* the debt collector *or* the person to whom the claim is owed must be provided.   Although the original creditor was not identified, the Defendant argues, the Defendant complied with the WVCCPA by including its own name and contact information in each letter.   It further argues that the Plaintiffs' purported fear of abusive collection attempts is unreasonable based on the content of the letters.   "To rule otherwise would permit a plaintiff to concoct a cause of action merely by taking any debt collection communication (regardless of what it said) and alleging a subjective fear of future improper conduct."   (*Id.* at 6.) The Defendant next asserts that the letter titled "Notice of Legal Action" contains only accurate information regarding potential legal procedures, in compliance with W. Va. Code § 46A-2-124(e)(2).

The Plaintiffs respond that the motion to dismiss is premature and should not be considered until the parties have engaged in pre-class certification discovery.   Substantively, they argue that "SCA's debt collection notices are replete with false threats of garnishments, illegal intimidation tactics, misleading menacing captions, misrepresentations regarding potential interest charges, and other unfair and deceptive acts or practices as specifically outlined in the WVCCPA."   (Pl.s' Resp. at 2.)   They assert that failure to name the original creditor and failure to include a debt validation notice violate the WVCCPA, citing cases finding such disclosures to be required by the Federal Debt Collection Practices Act (FDCPA) and cases finding the FDCPA helpful in analyzing the WVCCPA.   In addition, the Plaintiffs argue that the letters were false and misleading because, for example, SCA continued to make debt collection attempts after sending a letter captioned "Final Written Notice."   (*Id.* at 9.)   Further, they assert that no legal action

followed the letter captioned "Notice of Legal Action," and so it was misleading and deceptive. (*Id.*)  More generally, the Plaintiffs emphasize the remedial nature—and accompanying broad construction—of the WVCCPA.

In reply, the Defendant reiterates that the Court should accept as true only the Plaintiffs' factual allegations, and can therefore evaluate the letters to "determine without the need of any extrinsic evidence whether they pass muster under the WVCCPA."  (Def.'s Reply at 3.)  It further notes that the FDCPA case law cited by the Plaintiffs is inapplicable because the WVCCPA does not require debt validation notice.  Finally, the Defendant rejects the Plaintiffs' contention that they are entitled to class certification discovery prior to any consideration of a motion to dismiss, explaining that the case law stands only for the principle that class certification should not be rejected until the plaintiffs have an opportunity to conduct pre-class certification discovery.

As an initial matter, the Court finds that the Defendant's motion to dismiss may properly be decided prior to pre-class certification discovery.  While West Virginia case law requires courts to permit pre-class certification discovery before determining whether to certify a class, the Court was unable to find any case law suggesting that pre-class certification must take place prior to consideration of a motion to dismiss for failure to state a claim.  To find otherwise would permit a fishing expedition in any case in which plaintiffs seek to certify a class.[1]  Contrary to the Plaintiffs' suggestion, granting SCA's motion to dismiss at this stage would have no impact on the rights of any potential members of the class, which has not been certified.  Currently, the only parties to this action are the Hills and SCA.

---

1  The Plaintiffs here indicate that they would engage in discovery regarding "[t]he types of debt collection letters sent by SCA, how much money SCA has extracted unlawfully, the basis for charging West Virginia consumers fees or interest, and many other crucial issues."  (Pl.s' Resp. at 12.)  Those topics reflect a search for viable allegations against SCA rather than information regarding the contours of a potential class.

6

It is true that the WVCCPA "is a remedial statute to be liberally construed to protect consumers from unfair, illegal, or deceptive acts."  *Dunlap v. Friedman's, Inc.*, 582 S.E.2d 841, 846 (W. Va. 2003).  It bars various types of aggressive, misleading, and unfair debt collection practices.  Section 46A-2-127 provides, as relevant:

> No debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers. Without limiting the general application of the foregoing, the following conduct is deemed to violate this section:
> > (c) The failure to clearly disclose the name and full business address of the person to whom the claim has been assigned for collection, or to whom the claim is owed, at the time of making any demand for money;

W. Va. Code § 46A-2-127(c).  Section 46A-2-128 bars debt collection by unfair or unconscionable means; the specific provisions are not applicable to the Plaintiffs' complaint. Section 46A-2-124 bars the use of threats, coercion, or attempted coercion to collect debts.  It specifically bars any threat to garnish wages, unless accompanied by notice that garnishment requires a judicial order, and any threat to "take any action prohibited by this chapter or other law regulating the debt collector's conduct."  § 46A-2-124(e)(2) – (f).

The Court can find nothing in the four letters which form the basis of the Plaintiffs' complaint that could constitute a violation of either the general or specific sections of the WVCCPA.  The WVCCPA requires that debt collection attempts disclose the name and address of *either* the owner or the collector of the debt.[2]  Each letter is headed with SCA's full name,

---

2 While the Plaintiffs contend that the FDCPA requires that such communications identify the original creditor, they have brought suit pursuant to the WVCCPA.  Case law interpreting the FDCPA is helpful with respect to similarly-worded provisions and the general goals of the statutes, *see Bourne v. Mapother & Mapother, P.S.C.*, 998 F. Supp. 2d 495, 502 (S.D.W. Va. 2014) (Faber, S.J.).  Courts must, nonetheless, apply the clear language of the WVCCPA, rather than import language from the FDCPA.

address, website, and telephone number, in compliance with W. Va. Code § 46A-2-127(c). Nothing in the letters could be construed, even by the least sophisticated consumer, as a threat of anything more that continued lawful debt collection attempts, and of potential legal action.  *See, e.g.*, *Chevy Chase Bank v. McCamant*, 512 S.E.2d 217, 225 (W.Va. 1998) (finding a letter explaining potential legal action reasonable).   The Notice of Legal Action provides an accurate description of the possible consequences of legal action, in compliance with W. Va. Code § 46A-2-124, and is clear that the client had not yet approved legal action against the Hills.

While receiving debt collection letters is undoubtedly unpleasant, these letters do not approach, much less cross, any of the 'lines' in the WVCCPA designed to prevent debt collectors from engaging in misconduct.   It is difficult to conceive of any debt collection attempts that would be permitted by the Plaintiffs' construction and argument.   The Court must accept as true the plausible facts alleged in the amended class action complaint.   It need not accept the Plaintiffs' conclusory legal allegations.   The facts alleged simply do not constitute a violation of the WVCCPA.[3]   Accordingly, the Defendant's motion to dismiss must be granted.

### CONCLUSION

WHEREFORE, following careful consideration and for the reasons stated herein, the Court **ORDERS** that the *Motion to Dismiss Amended Class Action Complaint* (Document 9) be

---

3 Neither party dedicated any discussion to the Plaintiffs' common law invasion of privacy claim.   The claim appears to be for intrusion upon seclusion.  *See* Syl. Pt. 8, *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 74 (W. Va. 1983) (describing the categories of invasion of privacy claims).   Because the Plaintiffs' invasion of privacy claim rests on the alleged "abusive and misleading debt collection practices" (Compl. ¶ 53), it cannot survive the Court's finding that, as a matter of law, the letters do not constitute abusive or misleading debt collection.   Furthermore, four letters received over the course of approximately a year and a half cannot reasonably be considered an intrusion upon seclusion.  *See* Restatement (Second) of Torts § 652B (1977) ("One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.")

**GRANTED**.  The Court further **ORDERS** that all pending motions be **TERMINATED AS MOOT.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:        April 21, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

9